UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES M. COBB,

                  Petitioner,

                                       Case Number 04-CV-10107-BC
v.                                      Honorable David M. Lawson

HAROLD WHITE,

                  Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO
DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

      The petitioner, Charles Cobb, presently on parole to the Detroit Michigan Metropolitan Parole Office, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of his constitutional rights. The petitioner pleaded guilty to three counts of armed robbery in the Recorder's Court for the City of Detroit, Michigan in 1983 and was initially sentenced to concurrent terms of fifteen to fifty years imprisonment. In 1990, the trial court resentenced him to concurrent terms of twelve-and-one- half to fifty years imprisonment. In his petition, Cobb argues that the state court enhanced his sentence because he rejected a plea offer, and he challenges the accuracy of the presentence report used by the sentencing court. Apparently, the petitioner complains that the information in the presentence report has been used by the parole board to deny him parole.

      The respondent has filed a motion to dismiss the petition asserting that the petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). In response, the petitioner contends that he did not discover his claim until 2003, and the state court interfered with his ability to timely file his federal petition by confounding the docket numbers on his two

cases, which resulted in confusion. The Court concludes that the petition was filed out of time and the late petition cannot be saved by the doctrine of equitable tolling. The Court, therefore, will grant the respondent's motion and dismiss the petition.

## I.

Pursuant to an agreement with the state prosecutor, the petitioner pled guilty to two counts of armed robbery in a case numbered 82-06147 and one count of armed robbery in a case numbered 82-05971. Rec's Ct. Hrg. Tr. (Feb. 22, 1983) at 18. Following his conviction and sentencing, the petitioner filed an appeal of right as to both cases in the Michigan Court of Appeals. The court appointed the same attorney to appeal both cases. Order for Appointment of Counsel, No. 82-05971 (Mar. 23, 1983), and Order for Appointment of Counsel, No. 82-06147 (Mar. 22, 1983). The petitioner's attorney presented arguments challenging his convictions on the three counts of armed robbery. Appellant's Brief, *People v. Cobb*, No. 70489 (Mich. App. Oct. 28, 1985) (unpublished). The State responded with a brief specifically citing both of the Recorder's Court case numbers. Appellee's Brief, *Cobb*, No. 70489. However, the appellate court affirmed his convictions and sentences under one docket number. *See Cobb*, No. 70489. The petitioner then filed a letter request in the Michigan Supreme Court seeking leave to appeal. The supreme court denied the letter request in an order referencing both trial court case numbers and assigning the matter two case numbers on its docket. *See People v. Cobb*, No. 77703, 77704 (Mich. June 30, 1986) (unpublished).

In 1989, the petitioner filed in the trial court an application for leave to appeal his sentence and a request for resentencing with an updated presentence report, which was denied. *See* Rec's Ct. Docket Sheet (Sep. 30, 2004). He then filed an application for leave to appeal in the Michigan Court of Appeals. *See* Pet. Ex. I-1, Mich. Ct. App. Docket Sheet. The court of appeals reversed the

petitioner's sentence, but erroneously stated that the petitioner only "pled guilty to two counts of armed robbery." *See People v. Cobb*, No. 116108, slip op. at 1 (Mich. Ct. App. Oct. 5, 1990) (unpublished). The appellate court remanded the matter to the trial court for resentencing with an updated presentence report. *Id*. at 2. That decision was not appealed to the Michigan Supreme Court. *See* Aff. of Corbin R. Davis, Michigan Supreme Court Clerk.

On November 30, 1990, the trial court held a resentencing hearing. The error of the appellate court carried through to the trial court, so only two of the three counts of armed robbery were considered at the resentencing. *See* Rec's Ct. Hrg. Tr. (Nov. 30, 1990). Counsel for the petitioner specifically stated in her opening statement at the rehearing, "Your Honor, we're here on a remand from the Court of Appeals for re-sentencing of Mr. Cobb. He had pled guilty to two counts of armed robbery and his original sentence was a minimum of fifteen years." *See* Rec's Ct. Hrg. Tr. (Nov. 30, 1990) at 3. The trial court resentenced the petitioner, stating that it was considering only two convictions:

> [THE COURT]: . . . it's the judgment and sentence of the Court that you be committed to the Department of Corrections for a period of not less than twelve-and-a-half years no more than 50 years on the armed robbery charge. And are there two counts of that, you say, that the Court will impose that sentence on both counts of armed robbery? [sic]
>
> MS. MUECKENHEIM [Defense Counsel]: Yes, Your Honor.

*Id*. at 8-9. Nevertheless, the trial court's amended judgment sentenced the petitioner to concurrent terms of twelve-and-one-half to fifty years imprisonment on all three counts included in both cases involving the petitioner. *See* Am. J. of Sentence, *Cobb*, No. 82-06147 (March 4, 1991) (*Nunc Pro Tunc* to Feb. 22, 1983); Am. J. of Sentence, No. 82-05971 (July 12, 1991) (*Nunc Pro Tunc* to Feb. 22, 1983).

Sometime thereafter, the petitioner filed a motion for correction of the presentence report in the trial court, which was granted in part. *See* Rec's Ct. Hrg. Tr. (Sept. 6, 1991). Following inaction by the probation department, the petitioner filed an appeal of right in the Michigan Court of Appeals challenging the probation department's failure to correct the report. The Michigan Court of Appeals affirmed the trial court's decision and noted that the trial court was the proper forum for the petitioner to obtain relief regarding enforcement of the trial court's order. *See People v. Cobb*, No. 137490 (Mich. App. Dec. 3, 1992) (unpublished). It appears that the petitioner did not appeal this decision to the Michigan Supreme Court.

The record indicates that the petitioner subsequently filed an application for leave to appeal in the trial court, which was denied on July 31, 1995. *See* Rec's Ct. Docket Sheet (Sep. 30, 2004). It appears that no further action was taken in this matter for six years.

On November 6, 2001, the petitioner filed a motion for relief from judgment with the trial court, which was denied on November 26, 2001. *See* Pet. at 4; Pet. Ex. D-3, Order Denying Mot. for Relief from J. The petitioner then pursued various state court remedies seeking to correct his presentence report until the Michigan Court of Appeals rejected his complaint for superintending control in 2003. *See Cobb v. Wayne Circuit Judge*, No. 247637 (Mich. App. May 20, 2003) (unpublished). The petitioner did not appeal this decision to the Michigan Supreme Court. *See* Aff. of Corbin R. Davis, Michigan Supreme Court Clerk.

The petitioner filed his federal petition for writ of habeas corpus on April 23, 2004 challenging his sentence and the accuracy of his presentence report. On October 29, 2004, the respondent filed the pending motion to dismiss the petition as untimely. The petitioner filed an answer to the motion to dismiss on December 28, 2004 alleging that he complied with the applicable

-4-

statute of limitations and that state officials interfered with his pursuit of federal review of his sentence by erroneously assigning one case number to the Michigan Court of Appeals review of his appeal of right of his plea to two cases.

II.

Although the petitioner's convictions date back to 1983, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, governs this case because petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (case filed thirteen days after the limitations period expired dismissed for failure to comply); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

-5-

A Michigan prisoner's conviction becomes "final" ninety days after the state supreme court renders its decision denying leave to appeal or on the merits, accounting for the period within which the defendant may apply to the United States Supreme Court for a writ of certiorari. If a certiorari petition is actually filed, then the conclusion of Supreme Court proceedings establishes the finality date under § 2244(d)(1). 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(1); *Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986); *see Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). If no appeal is pursued beyond the state intermediate appellate court, then the conviction becomes final when the time to appeal expires, which in Michigan is fifty-six days after the decision of the court of appeals. *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).

In this case, the petitioner completed the appeals relating to his 1990 amended judgment of sentence, at the latest, when the Michigan Court of Appeals affirmed the trial court's decision regarding a correction to the presentence report on December 3, 1992. The petitioner then had fifty-six days in which to file an application for leave to appeal in the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(3). He did not do so. Petitioner's amended sentence thus became final at the latest on January 28, 1993, which preceded the AEDPA's April 24, 1996 effective date. *See Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).

Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). Accordingly, the petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2). *See Abela v. Martin*, 348 F.3d 164, 172-73

-6-

(6th Cir. 2003) (holding that "the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case").

The petitioner filed no post-conviction motions that served to toll the statute. The petitioner's motion for leave to appeal that was denied on July 31, 1995 does not constitute a properly filed application for state post-conviction or collateral review. *See Matthews v. Abramajtys*, 39 F. Supp. 2d 871, 875 (E.D. Mich. 1999) (holding that an application for leave to appeal was "properly filed" only when it was submitted "within the time limits for doing so"). Moreover, that motion was decided before the start of the one-year grace period.

The petitioner did not file his motion for relief from judgment in the trial court until November 2001. Thus, the one-year limitations period had expired well before the petitioner sought state post-conviction review following the AEDPA's enactment. A post-conviction motion that is filed after the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Therefore, the petitioner's state court proceedings initiated in 2001 did not toll the running of the statute of limitations. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Therefore, the petitioner's federal habeas petition filed in April 2004 is untimely.

The petitioner contends that the one-year period should be calculated under section 2244(d)(1)(D) from the date that he first learned of a clerical error concerning the state courts'

-7-

consideration of his case as one docket number instead of two docket numbers in March 2003.  He contends that the trial court's error of sentencing on only one of two docket numbers violated his constitutional rights.  However, the statute provides that the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  Here, the evidence indicates that the predicate for the petitioner's claim could have been discovered in either 1990 or 1991, well before the applicable limitations period had even started.  Moreover, the sentencing court's mistake amounted to nothing, since the written judgment included both case numbers and all three counts.  In Michigan, "courts speak through their judgments and decrees, not their oral statements or written opinions." *Tiedman v. Tiedman*, 400 Mich. 571, 576, 255 N.W.2d 632, 634 (1977).

Under § 2244(d)(1), the commencement of the limitations period is delayed where the State creates an impediment to the filing of a habeas petition.  However, the petitioner fails to explain how the state court's consideration of two convictions during resentencing, rather than all three of his convictions, served as an obstacle to filing the present federal petition.  There is no evidence that any docketing mistake alone would have been undiscoverable by the petitioner or impeded the filing of his petition.  The statute of limitations period, therefore, must be calculated under section 2244(d)(1)(A), that is, beginning with the date the petitioner's conviction became final.

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002).  However, "federal courts sparingly bestow equitable tolling.  Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of*

-8-

*Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) (citations omitted).  Courts must consider the five factors set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), when determining whether equitable tolling is appropriate.  *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001).  These factors are:  "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) a plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim."  *Id*. at 1008.  This list of factors is not comprehensive; on the other hand, each factor may not be relevant in all cases.  *Cook v. Stegal*, 295 F.3d 517, 521 (6th Cir. 2002).  "The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis."  *Ibid*. (citing Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998)).

The petitioner has not explained why he waited four years beyond the expiration of the one-year grace period to pursue state post-conviction remedies.  The fact that the petitioner is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant equitable tolling.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing"); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (noting that lack of professional legal assistance does not justify tolling).  Nor has the petitioner shown diligence in seeking habeas relief.  He filed his state court motion for relief from judgment more than eight years after his amended sentence became final.  The petitioner has failed to demonstrate that he is entitled to equitable tolling of the one-year limitations period.  *See Dunlap*, 250 F.3d at 1010; *Jones v. Gundy*, 100 F. Supp. 2d 485, 488 (W.D. Mich. 2000).

-9-

III.

The Court concludes that the petition for a writ of habeas corpus was not filed in this case within the time permitted by 28 U.S.C. § 2244(d).  Accordingly, it is **ORDERED** that the respondent's motion to dismiss [dkt # 8] is **GRANTED** and that the petition for writ of habeas corpus is **DISMISSED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 7, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 7, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

-10-